OPINION OF THE COURT
John G. Connor, J.
Petitioner seeks a judgment pursuant to article 78 of the CPLR vacating respondents’ refusal to issue peace officer certificates to Orange County probation officers, and seeks a declaration that the County of Orange is not required to provide firearms training to its probation officers pursuant to CPL 2.30. *439 Respondents oppose the instant proceeding on the grounds that CPL 2.30 (1) mandates training for all probation officers in the use of deadly force.
An article 78 proceeding may be brought seeking remedies in the nature of certiorari, mandamus, or prohibition. Certiorari is a proceeding to review a determination made by a public body or officer. Mandamus is a proceeding to compel a public body or officer to act in accordance with the law. Prohibition is a proceeding to enjoin a court, tribunal or officer from exceeding its jurisdiction. The instant petition seeks to review a determination mandating that Orange County probation officers receive training in firearms and other deadly weapons, and therefore, falls within the parameters of article 78.
Petitioner contends that although its probation officers are peace officers as defined in the statute, they are not authorized to carry firearms or use firearms in the course of their employment, and therefore, should not be required to take 47 hours of training in the use of force and deadly weapons, including 40 hours of firing range training. Petitioner points out that the statute contains certain inconsistencies, in that it states “where an employer has authorized a peace officer to carry or use a weapon during any phase of the officer’s official duties, which constitutes on-duty employment, the program shall include the same number of hours of instruction in deadly physical force and the use of firearms and other weapons as is required in the basic training program for police officers by the municipal training council,” and later in the same subdivision provides that “[t]he course of training in the use of deadly physical force and firearms and other weapons shall be provided by the officer’s employer, not later than six months from the date on which the officer was appointed, where the officer is authorized to carry a weapon pursuant to law.” (CPL 2.30 [1] [emphasis added].)
Respondents argue that the plain language of the statute requires weapons training for all peace officers regardless of whether they are authorized to carry or use weapons in the course of their employment. Criminal Procedure Law § 2.30 (1) sets forth the training requirements for peace officers. (See, CPL 2.30 [1].) The statute further provides that no person appointed as a peace officer after the effective date of the statute shall exercise the powers of a peace officer, unless he has received a certification that he has completed the necessary training. (See, CPL 2.30 [1].) Probation officers are defined as peace officers in accordance with Criminal Procedure Law § 2.10 (24). (See, CPL 2.10 [24]; see also 9 NYCRR 355.1.)
*440 Although the Director of Probation for the County of Orange may develop a policy that prohibits probation officers from carrying or using firearms in the course of their employment, notwithstanding the aforesaid, “peace officers” are exempt from all licensing requirements and weapons charges set forth in article 265 of the Penal Law. (See, 9 NYCRR 355.3 [a] [3]; Penal Law § 265.20 [a] [1] [c].) For the aforesaid reason the Legislature amended the statute to require employers to provide weapons training to probation officers who are by law authorized to carry a weapon, even if the employer does not require or permit the officer to carry or use a weapon during the course of his official duties. (See, CPL 2.30 [1]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 2.30, at 71.) Although the statute is written in anything but plain language, the court finds that it was the intent of the Legislature to require training in the use of firearms and other deadly weapons to probation officers because probation officers are exempt from the licensing requirements and weapons violations set forth in the Penal Law.